Taylor *v.* French.

OLIVIA TAYLOR *et al.* v. JAMES H. FRENCH *et al.*

PLEADINGS AND PRACTICE. *Severance.* Where a right to a joint action is given by statute, the courts have no discretion to grant a severance.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

GREER & ADAMS and HARRIS & TURLEY for Swink.

ESTES & ELLETT for HARBERT.

TURNEY, J., delivered the opinion of the court.

This suit was commenced in April, 1872, against C. C. Partee and B. F. Harbert, of the firm of Partee & Harbert, and Hiram Partee, John Harbert and James H. French, on two notes of $6,000 each, dated June, 1870, payable twelve months after date, one to the order of H. Partee and John Harbert, both signed Partee & Harbert, both endorsed by Hiram Partee, John Harbert and James H. French, the only difference is, that on one Hiram Partee appears as first endorser, and on the other, John Harbert.

The case was in this court at a former term, the judgment reversed and the cause remanded.

On the calling of the cause for trial after its remandment, the administrator of John Harbert moved

for severance, stating as grounds, that the interest of the estate of his intestate demanded it, that he had been unable to obtain a trial because of delay produced by the death of a confederate, J. H. French, and the seeming difficulties encountered in having the suit revived against his representatives. That by reason of the connection that J. H. French had with the borrowing of the money for which the notes were given and his relationship to the plaintiffs, the defense of the suit by affiant is embarrassed, while the defense is a joint one. That J. H. French and John Harbert are both witnesses in the case, and it would be better that the defense should be separate.

The order for severace was made over the objection of plaintiff. This was error. The right to the joint action is given by statute and courts have no discretion to disturb it.

After the severance this branch of the case was tried under the style of Geo. W. Swink, administrator, and others, against C. W. Harbert, administrator of John Harbert.

The pleadings present three alternative theories, upon which it is insisted the parties appearing as endorsers should be held liable, viz, as endorsers, or guarantors or as sureties. On the trial, evidence was offered tending to show that after the maturing of the notes and failure of the makers to pay, the defendant promised to pay. The testimony was rejected by the court because there was no count in the declaration excusing the want of demand and notice. Thereupon plaintiff moved for leave to file such count, which was refused by the

court.　The rule is, that when it appears the justice
of the case requires it, the court may allow amend-
ments to meet the requirement.　*Prima facie* a case
for amendment was made over it and should have been
allowed.

Several depositions were rejected for the reasons
stated.　An examination of the record shows that these
depositions contained evidence tending to show a guar-
antee of payment or an original suretyship and not
merely accommodation endorsement.　The objection being
to the entire depositions and the ruling of the court
as comprehensive, make error.

The rulings of the court took the case entirely from
the jury and left it only the formal duty of rendering
a verdict for the defendant.

The judgment is reversed, the order of severance
vacated and the cause reinstated for trial as originally
intended or subsequently revived.